JOSEPH R. BOGGS *et al.*, Respondents, v. AMERICA INSURANCE COMPANY, Appellant.

1. Where the appellant fails to file the transcript of the record within the time limited by statute, and the appellee produces such transcript, the judgment will be affirmed unless good cause to the contrary be shown.
2. What will be good cause must depend upon the facts presented in each case, within the discretion of the court.

*Appeal from St. Louis Circuit Court.*

For statement see opinion.

*Drake*, for respondents.

*Krum*, for appellant.

BATES, Judge, delivered the opinion of the court.

This was a suit brought on the 15th day of September, 1857. Judgment was rendered for the plaintiff on 1st day of December, 1860. Appeal was allowed on the 28th day of January, 1861; but the bill of exceptions was not filed till the 18th day of March, 1861. At March term, 1862, appellant having failed to file a transcript of the record, respondent produces a transcript and moves for an affirmance of the judgment. Appellant also produces a transcript, and asks leave to file it for the cause set out in affidavits, also filed. The affiant George D. Appleton says, that he has been president of the defendant since the 25th of January last; that S. R. Clarke had been president for about eleven months before

that time ; that Clarke was familiar with the case, and had . been requested by the directors to do whatever was necessary to perfect the appeal, and that the directors supposed it had been done until very recently, (say on or about March 15th, 1862,) when their attorneys immediately ordered a transcript to be made ; that the appeal was made in good faith ; that said Clarke left St. Louis in January last, and that affiant and the directors of the company do not know where he is and are not able to communicate with him, and that the clerk of the circuit court did not give him notice that he had made out a transcript of the record. The affiant John M. Krum says, that he and his partner Harding (who has been since April last in military service) were the counsel of the defendant, and were assisted at the trial by Judge Wood ; that he supposed the transcript had been filed in proper time ; that when the docket of this term was published, seeing this case was not upon the docket, he made search for the transcript, and ascertained that none had been made ; that it was the *bona fide* intention of the board of directors to perfect the appeal by filing the transcript ; that S. R. Clarke was entrusted with attending to the case and perfecting the appeal ; that in October or November last Clarke informed him that the case would probably be settled, and inquired when the case would probably be heard in the supreme court, and the amount of costs in the event that the case should be settled ; that it being the duty of the clerk of the circuit court to make out and send to the clerk of the supreme court a complete copy of the record, he has never deemed it necessary to give any special order for a transcript, and none was given in this case ; but (having considerable practice in the courts of St. Louis) he has had an understanding with each of the clerks of the courts, that in all his cases appealed to the supreme court, transcripts should be made out without special order. He further states, that it is the practice of the clerks to make transcripts, and then notify the appellant or his attorney that it is ready to be filed ; and in this case no such notice was ever given Krum & Hard-

ing, and he believes no transcript was made until specially ordered last week.

The appellees having produced in court a transcript of the record, the law requires that the judgment should be affirmed "unless good cause to the contrary be shown; we must only consider, therefore, whether good cause has been shown by the affidavits. No precise rule can be laid down as to what does constitute good cause to excuse an appellant for not complying with the statute. Each case depends upon its own merits, and must be left, as the statute leaves the whole subject, to the discretion of the court. In this case thirteen months and a half have passed since the appeal was allowed and twelve months since the bill of exceptions was signed, and were the transcript filed now the case could not properly be docketed at this term, so that the fourth term after the appeal would be reached before a hearing could be had. For this delay, the only excuse offered by Mr. Appleton's affidavit is that the former president of the company entirely neglected the duty with which he was charged. Being an officer of the company, charged with a specific duty, he was for that purpose the company, and his negligence is the appellant's own negligence, and therefore unexcused.

The matters stated in Mr. Krum's affidavit, considered in connection with the disturbed and distracting condition of public affairs, are entitled to consideration, and do excuse some want of diligence, but not to the extent to which it has gone in this case. A whole year is too long for an appellant to forget his case. Good cause for the failure to file the transcript of the record has not been shown.

The other judges concurring, leave is given the respondent to file a transcript, and the judgment is affirmed. The motion for damages is overruled.