Caldwell v. Hawkins.

ROBERT CALDWELL, Respondent, *v.* MADISON C. HAWKINS, Appellant.

46 263
31a 487

1. *Practice, civil — District Court — Filing transcript — Duty of appellant.* — The filing of transcript in the office of the clerk of the District Court, at least fifteen days before the term to which an appeal is returnable, is a personal duty imposed upon the appellant (Gen. Stat. 1865, p. 547, § 29) which he can not transfer to the clerk; and in the event of his failure, the judgment, on motion of respondent, should be affirmed; and it will not avail appellant that he had several times asked the circuit clerk to make it out and send it up, and that the latter had promised to do so.

*Appeal from Fourth District Court.*

*J. J. Louthan,* for respondent.

*J. G. Blair,* for appellant.

BLISS, Judge, delivered the opinion of the court.

The plaintiff obtained judgment in the Circuit Court, and the defendant appealed. He failed to file his transcript at the next term of the District Court, and did not file it until less than fifteen days from the commencement of the second term. But during said term the respondent presented a transcript and obtained a judgment of affirmance of the one obtained by him in the Circuit Court. The defendant appeared, and resisted the motion to affirm upon the ground that he had used due diligence to obtain and file his transcript, but only showed that he and his attorney had spoken to the circuit clerk several times about making it out and sending it up; that he promised to do so, and that they relied upon the clerk to send it up.

The statute imposes upon the appellant the duty, in civil cases, of causing the transcript to be filed at least fifteen days before the term at which the appeal is returnable. It is a personal duty imposed upon the appellant, which he can not transfer to the clerk; and, for his failure, it becomes the duty of the District Court, upon motion of respondent, to affirm the judgment. The provisions of the statute are plain and imperative, and can not be dispensed with.

The judgment of the District Court is affirmed. The other judges concur.