JOHN KAMERICK, Respondent, v. LEWIS CASTLEMAN ET AL., Appellants.

21a 587
31a 343
31a 344
31a 488
21 587
36 557
21 587
110m 52

Kansas City Court of Appeals, April 19, 1886.

1. STATUTES — AMENDMENTS OF — RULE OF CONSTRUCTION — CASE AD JUDGED.—The rule of construction is, that where a section of a statute is amended, and the amendment is in such terms that it takes the place of such section, the statute in which the original sec tion stood, as to future acts, is to be regarded as if the amended sec tion was incorporated therein. So much so is this the rule that if by an act subsequent to the amendatory act, the section of the original statute be repealed, the amendment which stood in its stead is also thereby repealed. *State ex rel. v. Ranson*, 73 Mo. 88. And this is so although the amendment declares that the section is amended "so as to read as follows." It does not *repeal*, but leaves the former section in operation *as amended ;* the amendment, of course, oper- ating from the time of its passage. *Held*, therefore, that the act of 1883 (page 121), concerning appeals, amending section 3717, Re- vised Statutes, applies to this court ; and by section seven of the act of 1885, providing for the organization of this court (Laws of Mo., 1885, p. 114), the amendatory act of 1883 was as effectually adopted as if it had stood in the original section 3717, Revised Statutes.

2. —— ACT OF 1885 PROVIDING FOR THE ORGANIZATION OF THIS COURT—VALIDITY OF.—A constitutional question which will oust this court of its appellate jurisdiction, must be one which reasonably arises on the record, and is fairly debatable. In the act providing for the organization of this court, there is such evident unity of object, and relation of kindred matters, looking to putting the new court into operation, and affording access to it by suitors, that the subjects embraced in the title and act present no such incongruities as to be obnoxious to the constitutional prohibition.

3. PRACTICE—APPEAL—FILING OF TRANSCRIPT—CASE ADJUDGED.—It is the well settled law of this state, that the obligation so far rests upon the appellant to cause a transcript of the record to be filed in the appellate court, fifteen days before the return term, that his neglect thereof will invite a motion by the appellee to have the judgment affirmed. *Rodney v. Byrne*, 1 Mo. 742 ; *Caldwell v. Haw-kins*, 46 Mo. 263 ; *Ellis v. Wyatt*, 10 Mo. App. 580. *Held*, however, in view of all the facts and circumstances of this case, there being no prejudice to the respondent, the motion for affirmance, for fail ure to file transcript, should be denied.

On motion for affirmance of judgment, for failure to file transcript as by statute provided.

*Motion denied.*

The case and facts, and the grounds of the motion, and the grounds of resisting it, are stated in the opinion of the court.

Draffen & Williams, for the motion.

George A. Castleman, against the motion.

Philips, P. J.—Respondent recovered judgment against the appellants in the Cooper circuit court on the twelfth day of November, 1885, from which defendants took an appeal to this court. The respondent at this term filed his motion asking for an affirmance of the judgment on the ground that appellants had failed to file with the clerk of this court a transcript of the record fifteen days before the commencement of this term, as by statute provided. Sect. 3717, Rev. Stat. In support of the motion respondent presents here the certificate of the clerk of the circuit court, showing the date and amount of said judgment, and the granting of the appeal, etc., as provided by the act of 1883. Laws of Mo. 1883, pp. 121-2. The appeal was returnable to this term of court, and the transcript should have been filed with the clerk not less than fifteen days before the first Monday in March, 1886.

By said section 3717, Revised Statutes, it is provided that, if the appellant fail to so file such transcript, "and the appellee produce in court such transcript, and it appear thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause to the contrary be shown."

I. The motion is resisted by appellants on various grounds. It is first objected that the respondent has not,

as required by said section 3717, presented to this court a complete transcript of the record of the circuit court, but only the certificate of the clerk showing the date and amount of judgment, and the granting of the appeal, etc. This objection raises for determination the question, whether the said act of 1883, approved March 24, 1883, applies to this court. By said act, said section 3717, Revised Statutes, was amended by striking out the words: "such transcript, and it appear thereby that an appeal has been allowed in the cause," and substituting in lieu thereof the following words, to-wit: "The certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party, etc. ; such certificate shall be *prima facie* evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment," etc.

The contention of appellants is that this amended act does not apply to this court, because the act of 1885 (Laws of Mo. 1885, 114), providing for the organization, etc., of the Kansas City court of appeals, does not in terms adopt the said amendatory act. The seventh section of the act of 1885 declares that: "The provisions of chapter 59 of the Revised Statutes of Missouri, concerning practice in civil cases, regulating the practice in the supreme court, and the manner of suing out writs of error and taking appeals, shall apply to practice in the Kansas City court of appeals, so far as the same may be applicable. * * * " The argument of counsel is, that said section seven only adopted the provisions of chapter fifty-nine of the Revised Statutes, which contained said section 3717, which did not, as it stood, prior to the amendment of 1883, recognize the right to affirm judgments on the mere certificate of the clerk of the circuit court; and that the amendatory act of 1883, by its terms, applied only to the supreme court and the St. Louis court of appeals ; and further, that the act of 1883,

in effect, repealed said section 3717. The result of which would be to leave no provision of law for prosecuting appeals to this court. But we do not think any such *casus omissus*, or public misfortune, is chargeable to the judiciary committee of the legislature, of which the counsel making this suggestion was a distinguished member. The vice in the argument lies in the assumption that after the amendatory enactment of 1883, there was no such section as 3717 left in the Revised Statutes, and that, therefore, there should have been in the act of 1885 a direct reference to the amendatory act of 1883, in order to avail the respondent in this contention.

I understand the rule of construction, in this respect, to be, that where a section of a statute is amended, and the amendment is in such terms that it takes the place of such section, the statute in which the original section stood, as to future acts, is to be regarded as if the amended section was incorporated therein. So much so is this the rule, that if, by an act, subsequent to the amendatory act, the section of the original statute be repealed, the amendment which stood in its stead is also thereby repealed. *Green v. State*, 22 Texas 588 ; *McKibben v. Lester*, 9 Ohio St. 627 ; *Holbrook v. Nichol et al.*, 36 Ill. 162 ; *State ex rel. v. Ranson*, 73 Mo. 88. And this is so although the amendment declares that the section is amended "so as to read as follows." It does not repeal, but leaves the former section in operation as amended, the amendment, of course, operating from the time of its passage. *Moore v. Mausert*, 5 Lans. 173 ; *Ely v. Hatton*, 15 N. Y. 595.

Where a new proviso was substituted for an old one, of like purport, it was held that the new proviso and the original statute should be read as one act, as if the new proviso appeared in the original act. *Queen v. St. Giles*, 3 E. & E. 224.

Our holding has been, and is now re-affirmed, that by section seven of the act of 1885, the amendatory act of

1883, was as effectually adopted as if it had stood in the original section 3717 of the Revised Statutes.

II. The act of 1885 is assailed as being in conflict with section twenty-eight, article four, of the state constitution, which declares that: "No bill shall contain more than one subject, which shall be clearly expressed in its title." The title to said act is as follows: "An act providing for the organization of the Kansas City court of appeals, the election of its judges, and their tenure of office, and providing for the appointment of officers and attendants of said court, and their compensation, for a court room for said court, and rooms for its judges and officers, and concerning a library for the use of said court, and the taking of appeals and suing out writs of error, and bonds given therein."

Every subject treated of in the act is clearly named in the title. But it is claimed that it treats of more than one subject in contemplation of the constitution.

Waiving any discussion of the jurisdictional right of this court to determine a constitutional question, and pretermitting any consideration of the right of an appellate court to pass on such matter, where its jurisdiction is exclusive to determine a motion like this, we hold, in common with the St. Louis court of appeals, that a constitutional question which will oust the court of its appellate jurisdiction, must be one which reasonably arises on the record and is fairly debatable. *State v. Kaub*, 19 Mo. App. 411 ; *McCormick v. Ry. Co.*, 20 Mo App. 65 ; *State v. Elam*, *ante*, p. 290. There is such evident unity of object, and relation of kindred matters, looking to putting the new court into operation, and affording access to it by suitors, that the subjects embraced in the title and act present no such incongruity as to be obnoxious to the constitutional prohibition. This, we think, is too well settled by the repeated decisions of the supreme court to admit of debate. *City of St. Louis v. Tiefel*, 42 Mo. 578, and cases cited ; *City of Hannibal v. County of Marion*, 69 Mo. 575 ; *State ex rel. v. Mead*, 71 Mo. 268 ;

*State ex rel. v. Laughlin*, 75 Mo. 359 ; *State v. Brassfield*, 81 Mo 153.

III.   It is also suggested by counsel, that by section 3720, Revised Statutes, it is made the duty of the clerk of the circuit court to make out and send to the clerk of the appellate court the transcript, and not the duty of the appellant.   But section 3717 makes it the duty of the appellant *to cause* such transcript to be filed in the appellate court.   It is the well settled law of this state, if repeated adjudications can settle any question, that the obligation so far rests upon the appellant to cause the transcript to be so filed, fifteen days before the return term, that his neglect thereof will invite a motion by the appellee to have the judgment affirmed.   *Rodney v. Byrne*, 1 Mo. 742 ; *Boggs v. Am. Ins. Co.*, 31 Mo. 499 ; *Caldwell v. Hawkins*, 46 Mo. 263 ; *In re Drake's estate*, 7 Mo. App. ; *Ellis v. Wyatt*, 10 Mo. App. 580.   We feel concluded by the holding of the supreme court.

IV.   On the question of the merits of this motion, the facts, as disclosed by the affidavits for and against it, may be summarized as follows :   The transcript was made out by the circuit clerk about the eighth of January, 1886.   It was handed to the attorneys for respondent, for their examination, who, in a few days, handed the same to one of the attorneys for appellants, and it was sent to the principal attorney, the brother of appellant Castleman, at St. Louis, for examination, who returned the same, to his associate counsel resident at Boonville, who returned the same, about the nineteenth of January, to the clerk, calling his attention to some correction to be made, and telling him to make the same before sending it to the clerk of the court of appeals.

It appears, from the affidavits of the local attorneys, that the custom in such matters had been for the clerk, without special direction from appellants, to forward the transcripts, and to call on the attorneys for his fees ; that they were at all times ready to pay, or have the same paid in this case whenever the clerk demanded them ;

and that they supposed the transcript had been duly forwarded by the clerk; and so soon as they learned it had not been done, which was shortly after the commencement of this term of court, they at once paid the clerk his fees and directed the transcript to be forwarded. It appears from the affidavit of the circuit clerk that he would have forwarded the transcript in time for the return term, but for his impression that the case was returnable to the supreme court, and he had ample time in which to have the transcript in the office of the supreme court clerk in time for the April term; that he had been so in the habit of sending such papers to the supreme court, and being familiar with its terms, and not being familiar with the sittings of the court of appeals, it never occurred to him that the transcript should be sent here.

It may be conceded to respondent that the attorneys for appellants had no legal right to rely upon the clerk to do that which the law imposed upon them, and that looking to the letter of the statute, rather than its spirit, the motion is well taken. In examining the few reported cases, where such motions have been contested, I find in nearly all of them some peculiar state of facts and circumstances indicating delay and neglect, which tended to delay the hearing of the cause, either to the advantage of the delinquent appellant or to the disadvantage of the respondent.

In the case, *supra*, 31 Mo., the motion was made thirteen months after the appeal, during which no steps had been taken by the appellant to prosecute his appeal; and in the case, *supra*, 46 Mo., the appellant had not taken any steps at the second term after the appeal.

Judge Bliss, in delivering the opinion in *Boggs v. Am. Ins. Co.*, *supra*, said: "No precise rule can be laid down as to what does constitute good cause to excuse appellant for not complying with the statute. Each case depends upon its own merits, and must be left, as the

statute leaves the whole subject, to the discretion of the court.'' He then lays stress upon the delay of thirteen months which had elapsed in the case before the record was brought into the appellate court.

In this case the appellants had until about the twelfth of February, 1886, in which to file the transcript with the clerk of this court. Had they done so the cause would not have been advanced one day ahead of the place it will occupy by denying this motion. As early as the tenth of January, 1836, this court made an order assigning for hearing at this term the causes then pending in court. At that time the counsel for respondent had the transcript for examination for their satisfaction. Had the transcript been filed here, as the appellants had the right to do, on the twelfth day of February, the cause would not be for hearing before the coming October term. What right, then, has the respondent lost? None whatever. There can no prejudice possibly arise. It, therefore, occurs to me that it would be harsh and inequitable to cut the appellants off from a hearing on the merits of their cause on such a dry, cold technicality. If I could discover any disposition on the part of appellants to delay the case by their inattention, or not following the appeal with vigor, according to their undertaking, or that respondent's rights could in the least degree be prejudiced by the delay, I would vote for affirmance. But it does not seem to me, in view of all the facts and circumstances of this case, that the conduct of counsel for appellants and the clerk of the circuit court is deserving of such visitation as the affirmance of this judgment would mete out to them.

Motion is denied. Ellison, J., concurs; Hall, J., concurs in the result.