MALINDA E. DAMERON ET AL., Plaintiffs in Error, v. NICHOLAS A. HARVEY ET AL., Defendants in Error.

St. Louis Court of Appeals, October 26, 1886.

1.   APPELLATE PRACTICE—IMPERFECT RECORD.—Appellate courts will, upon suggestion by the issuance and enforcement of all necessary remedial writs, aid either party to perfect an imperfect transcript of the record.

2.   ——— CLERK'S NEGLIGENCE—APPELLANT LIABLE FOR.—An appellate court having exhausted its powers, and, owing to the circuit clerk's negligence, the record still remaining so confused and unin-

telligible that the cause can not be reviewed under the rules applicable to appellate procedure, the judgment will be affirmed.

3. ———— Agency.—The circuit clerk is, in contemplation of law, the agent of the appellant or the plaintiff in error, who must suffer the consequences of his negligence.

Error to the Lincoln County Circuit Court, Elijah Robinson, Judge.

*Affirmed.*

Morrow & Gray, for the plaintiffs in error.

R. H. Norton and Herman & Reyburn, for the defendants in error : A bill of exceptions does not become part of the record until it is both signed and filed ; and the filing comprehends something more than a mere endorsement on the bill to that effect. There must be a proper entry by the clerk on the record. *Fulkerson v. Houts,* 55 Mo. 301 ; *Johnson v. Hodges,* 65 Mo. 589 ; *Pope v. Thompson,* 66 Mo. 661 ; *McGrew v. Foster,* 66 Mo. 30 ; *The State v. Grant,* 76 Mo. 95 ; *Lafolette v. Thompson,* 83 Mo. 199 ; *Dinwiddie v. Jacobs,* 82 Mo. 195. The record must show affirmatively that the motion for a new trial was filed within four days after the judgment ; if the record fails to show that fact, the court cannot look into the bill of exceptions. *Bollinger v. Carrier,* 79 Mo. 318 ; *The State v. Marshall,* 36 Mo. 400 ; *Moran v. January,* 52 Mo. 523.

Rombauer, J., delivered the opinion of the court.

The primary question to be determined is whether the record of the cause before this court justifies us to enter into an examination of its supposed merits.

It appears that in an action of partition, brought by the plaintiffs in error, the trial court charged them, as they claim, erroneously, with certain advances made to them by their mother, the executrix of the estate, and, thereupon, they prosecuted their writ of error to this court. The writ was issued on the twenty-fourth of February, 1885, and in obedience thereto an instrument, purporting to be a true and complete transcript of the

record of the proceedings in the cause, was filed in this court November 30, 1885. The transcript thus filed was incomplete, omitting part of the motions and pleadings filed in the cause. The plaintiffs in error, thereupon, applied for a *certiorari*, but it appearing that such writ, if issued, would be unavailing, because many of the original papers in the cause had been lost, mislaid, or abstracted, we denied the writ, but in lieu thereof gave leave to the parties to supply the lost papers by stipulation. It would appear that this they were unable to agree upon, whereupon, we continued the cause to enable the plaintiffs in error to supply the lost papers, by appropriate proceedings in the trial court, and upon being informed that they were thus supplied, we issued a writ of *certiorari* at the last term.

In obedience to such writ what purports to be a supplemental transcript was filed in this court on the twenty-seventh day of September, last. This transcript is not a complete transcript of the proceedings, but purports to contain the proceedings in the cause at the March term, 1886, of the trial court, presumably in an attempt to supply the lost papers, and to supplement the former bill of exceptions. It nowhere appears from any of the recitals in said transcript, that the defendants in error were present in court when the attempted substitution was made, or that they had any notice thereof, or any opportunity to be heard in regard thereto. Nor does it even appear that the substituted papers were submitted to the trial court for approval, unless an entry at the end of the transcript, bearing no date, in the following words: "Which was ordered, filed and approved by the court, and made a part of the record in the cause," can be construed to have reference to all the papers, and not to the bill of exceptions alone.

Assuming that for the purposes of our present examination, both transcripts are to be taken as transcripts of one record, and as designed to supplement each other, and we are met with the further obstacle that they are wholly irreconcilable as to dates. One transcript recites

that the bill of exceptions was signed on the twelfth day of November, 1884, and filed on said date, whereas, the other, purporting to contain the correct bill, fails to show that it was ever filed, but recites that it was signed November 18, 1874. Assuming that 1874 stands for 1884, and the recital, if true, would disprove the allegation in the other transcript as to the filing of the bill. It nowhere appears at what exact date a motion for new trial was filed, nor does it any where appear that it was filed within four days after the rendition of the judgment.

Now, while we are anxious to afford parties an opportunity to have their controversies examined upon their merits in this court, we are not inclined to violate established rules for the review of causes, in an attempt to get at the supposed merits of any case. Such an attempt on our part, even were it consonant with the dictates of justice and not opposed to the uniform rules of practice established by the supreme court, would impose a burden on this court which would effectually check the speedy disposition of causes. We have in this cause, by orders and suggestions, during two successive terms of the court, tried to aid the plaintiffs in error to make the transcript of the record complete and intelligible. They have failed to do so. It is no answer to say that the negligence or ignorance of the circuit clerk is the cause of the interminable confusion presented by these transcripts. The clerk, in contemplation of law, is the agent of the plaintiffs in error, and, if any one, they must suffer by his negligence. *Caldwell v. Hawkins*, 46 Mo. 263; *Redway v. Chapman*, 48 Mo. 218.

It was in the power of the plaintiffs in error to have all errors and imperfections in these transcripts corrected—provided they admitted of correction—before they left the hands of the circuit clerk. This court can not correct them by indulging in a series of presumptions and conjectures unwarranted by law.

The judgment is affirmed. All the judges concur.