Henry Dean, Appellant, v. Ida E. Jones et al., Respondents.

St. Louis Court of Appeals, October 25, 1887.

1. Practice—Appeals—Attorney — Diligence. — Affidavits which show that the appellant's counsel did not attend to the making of a correct transcript of the record until the day on which it should have been filed in the appellate court, fail to show diligence in the prosecution of the appeal.

2. ——— Circuit Court Clerk.—The appellant is chargeable with the circuit clerk's negligence, and it is no excuse that the failure to file a transcript of the record in time, is due to the clerk's negligence.

Appeal from the Phelps County Circuit Court, C. C. Bland, Judge.

*Affirmed.*

Lewis, P. J., delivered the opinion of the court.

The appeal was granted in this cause on August 9, 1887. The appellant failed to file a transcript with the clerk of this court within the time required by law, and the appellee here produces in court the certificate of the clerk of the Phelps circuit court, in which the appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, and other particulars, as required by an act of the General Assembly, approved March 24, 1883 (Sess. Acts, 1883, p. 121), and moves for affirmance of the judgment. Since the filing of this motion, the appellant undertakes to show good cause for his failure, producing a duly certified transcript of the record, and filing affidavits, made by his attorney of record, and the clerk of the Phelps circuit court. These affidavits show that the attorney requested the clerk to make out a transcript, and, "on September 17, 1887, or not later than that day," he was

shown one which he said was all right; that the attorney for the respondents took that transcript to examine it, and the affiant has not seen it since, but has seen one that was made later. The clerk's affidavit shows that, on September 19, the attorney for the respondents brought the transcript which had been made out into the affiant's office, saying that it was defective as to the dates. The affiant then told the attorney that, whenever he and the appellant's attorney should agree about the matter, he (affiant) would certify the transcript. These facts show a total absence of diligence in the prosecution of the appeal. The first time the appellant's attorney ever saw the transcript was upon the very last day on which, by law, it should have been filed in this court. Two days later, it was yet in the custody of the circuit clerk. If all the facts stated had occurred before the last day for filing, this would not, in the least, help the appellant's case. It does not appear that any effort was made to procure the corrections demanded by the opposing counsel, or to agree with him in regard to them. Nor does it appear that the appellant's attorney did anything to procure further action by the clerk, who was simply waiting for the attorneys to agree as to what he should do. If it were intended to suggest negligence in the clerk, this would avail nothing, since it is held that, in this class of cases, the appellant will be held responsible for the omissions of the clerk, who must be considered as his agent. *Caldwell v. Hawkins*, 46 Mo. 263; *Redway v. Chapman*, 48 Mo. 218; *Dameron v. Harvey*, 23 Mo. App. 197. Rule 22 of this court declares that, on a motion like the present, "the mere fact that the appellant has on file, or presents a copy of the transcript, at the time such motion is made, shall not of itself be deemed good cause within the meaning" of the law.

It results that obedience to the statute demands an affirmance of the judgment, which is, therefore, ordered. All the judges concur.