John McCaffery, Respondent, v. Memphis and Charleston Railroad Company, Appellant.

Kansas City Court of Appeals, May 23, 1888.

1  Practice — Filing of Transcript of Record in Appellate Court — Duty as to Ordering Transcript. — The law is well settled that it is the duty of the party appealing to see that the transcript of the record is made out, and filed in this court, and he has no right to rely on the circuit clerk to perform this duty of his own motion.

2  —— Failure of Giving Directions for Transcript to Circuit Clerk. — Where a party, as in this case, waits until the last day, before giving directions to the circuit clerk to make out and forward the transcript of the record, he does so at his peril; and if, for lack of time or pressure of other work in his office, the clerk is unable to complete the transcript in time, the appellant must bear the loss. (*Kamerick v. Castleman*, 21 Mo. App. 587, *distinguished.*)

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*On motion for rehearing upon dismissal of appeal.*

H. S. JULIAN, for the motion.

I. It seems to us that in passing upon this motion two questions should be considered: (1) Has appellant or its counsel been negligent, or have they tried to cause delay? (2) Has respondent been injured?

II. We challenge respondent to point to an act or word in the whole course of these proceedings that can be translated into neglect or an attempt to delay. This court made an order that all cases filed after January 20, 1888, should go over to the October term. Now appellant had a right to file the transcript on February 19, and the order carries it to the October term; as it was filed February 27, it still goes on the October docket, so that respondent gets a hearing just as soon one way as the other, and no sooner, and consequently can't claim he is injured from that direction.

III. This subject is discussed in a similar case, by this court, in *Kamerick v. Castleman*, 21 Mo. App. 593, 594, and under exactly this phase of the case the court ask, "what right, then, has respondent lost?" and answer, "none whatever. There can no prejudice possibly arise." And refuse to cut appellant off from a hearing on the merits of his cause—with what the court so well defines as "a dry, cold technicality." This is even a stronger case than that; there the clerk was negligent in not knowing the terms of this court; here the clerk makes affidavit "that, on account of the great mass of business, he was unable to get the transcript out any sooner than he did." If attorney for respondent wishes to lay the fault somewhere—let him charge it up to his Texas trip and not to our clients; for if he had been in his office when the transcript was first carried

there it would have been sent up in time for this term, for we are as anxious for an early trial as respondent. We have nothing to gain by delay, we have given a good bond to pay the judgment with interest, if it is affirmed, and it isn't likely that the law governing the case will be changed between now and next October. *Boggs v. Ins. Co.*, 31 Mo. 499; *Caldwell v. Hawkins*, 46 Mo. 263; *Kamerick v. Castleman*, 21 Mo. App. 494.

Per Curiam.—On the eighteenth day of April, 1887, plaintiff recovered judgment against defendant in the Jackson circuit court for $783.50. On the twenty-ninth day of October, 1887, the defendant perfected its appeal therefrom to this court. It having failed to file in this court the transcript of record within fifteen days next before the present term of court, which began on the fifth day of March, 1888, on motion of respondent the judgment of the lower court was affirmed. Appellant has filed motion for a rehearing, and insists that the court shall state the reasons for such affirmance. We do so for the purpose of removing from the mind of counsel what we observe to be a common error in the minds of many attorneys respecting the practice in such matters. The excuse given by appellant's counsel for the delay in bringing into this court the transcript is, that owing to the act of the opposing counsel in retaining the bill of exceptions for examination, and the inability of the clerk to perfect the transcript, the delay was no fault of his. The facts are that the bill of exceptions was returned by respondent's counsel to appellant, and filed in the clerk's office on the sixth day of January, 1888; and yet no transcript was filed here until the twenty-seventh day of February, 1888, only seven days before the first day of the March term. It also appears from the affidavits herein that the appellant did not leave any order with the clerk of the circuit court to make out the transcript until the eighteenth day of February, 1888. That was on Saturday, and the

last day on which it was possible for the clerk to make out the transcript in time for the said March term. Here then was a delay of over three weeks, after the bill of exceptions was perfected, before any order. was given by appellant to have the transcript made out. For this delay no legal excuse is given.   The law is well settled that it is the duty of the party appealing to see that the transcript is made out and filed in this court ; and he has no right to rely on the circuit clerk to perform this duty of his own motion.   For aught the clerk knows, the party appealing may elect to abandon his appeal, or the parties may have compromised or settled the judgment.   And if he should of his own motion make out such transcript, he might not be able to obtain pay therefor.   Where a party, as in this case, waits until the last day before giving direction to the clerk to make out and forward the transcript, he does so at his peril ; and if, for lack of time, or the pressure of other work in his office, the clerk is unable to complete the transcript in time, the appellant must bear the loss.

The facts and circumstances of this case are unlike those in *Kamerick v. Castleman*, 21 Mo. App. 587. There, when this court made its order in January directing what cases should be placed by the clerk on the March docket, the opposite counsel had in his possession the bill of exceptions for examination and concurrence, so that the transcript, on account of the action of the adverse party, could not have been here at the time of the assignment of cases for that term.   In this case there was ample time between the filing of the bill of exceptions with the clerk and the order of this court, of date January 20, to have had the transcript here for that assignment. We will here take occasion to say that the language of the court in the Kamerick case, respecting the respondent losing nothing by the delay in not filing the transcript before the special order of this court assigning causes for the coming term, must be understood in reference to the peculiar facts and circumstances of that

case, and the condition of the docket at that time ; and is not to be so extended as to nullify the statute which requires all cases appealed, fifteen days before the return term, to be filed in the clerk's office, and entitling the respondent to an affirmance for such failure, without reasonable cause being shown for such neglect. In the state of the docket at the time the Kamerick case was here there was scarcely a possibility that the court could more than dispose of the number of cases assigned by the January order for hearing at the next term. The preliminary order preceding the commencement of court is to enable parties, whose causes may be reached, to comply with the statute and the rule of the court in the matter of preparing briefs and abstracts.

But it is perfectly competent for the court, at a later day, to make a further assignment of causes for hearing at that term ; and parties taking appeals must keep in mind the statutory mandate respecting filing transcripts, so as to advise the opposite party that the cause may stand for hearing at that term, should the state of the court's work admit of it. The language of the court in the Kamerick case was merely to indicate that under the peculiar circumstances surrounding it the respondent lost nothing by the delay ; whereas, in the case under review, had the appellant filed its transcript, as it should and could have done, the cause would have stood for hearing at this term on its merits. By its own unnecessary default and neglect it ought not to delay the hearing and disposition of the appeal, nor ask us to set aside the statute in its favor.

The motion for rehearing is denied.