ST. CLAIR COUNTY LAND AND INVESTMENT COMPANY, *Appellant*, v. MARTIN.

Division One, November 26, 1894.

1. **Appellate Practice**: FAILURE TO FILE RECORD: AFFIRMANCE OF JUDGMENT. Where an appellant fails to comply with the requirements of the statute in regard to filing the necessary record in the appellate court, and shows no good cause for the failure, the judgment will be affirmed on motion.

2. ——: ——: ——: OMISSION OF CLERK. A judgment will not be affirmed on motion where it appears that the clerk of the trial court has failed to seasonably notify the appellant or his attorney of the completion of the required transcript for appeal.

3. ———: ———: EXTENSION ·OF TIME TO FILE BILL OF EXCEPTIONS. Where an appeal has been duly taken, but time to file bill of exceptions in the trial court has been extended, the appellant can not be held in default in prosecuting his appeal, until after the date so granted to complete the circuit record.

### Motion to affirm judgment.

MOTION OVERRULED.·

*John H. Lucas* for appellant.

*Graves & Clark* for respondent.

BARCLAY, J.—The respondent has filed a motion to affirm the circuit judgment in this cause.

As motions to the same effect have been frequently made of late in other cases, presenting a similar state of facts, it may be well to shortly give the reasons for the ruling which this division of the court makes on the point involved.

The facts are that, at the July term (July 23), 1894, a judgment for defendants was rendered in the St. Clair circuit court.

After moving unsuccessfully for a new trial, plaintiff appealed to the supreme court, in proper form, at that term. At the same time and term, plaintiff obtained leave of court to file a bill of exceptions at the next term of the court. The date of that term is fixed by public law (Laws 1892, p. 14, section 57), and we, therefore, notice judicially that the term began on the fourth Monday (namely the twenty-second day) of October, 1894.

Under section 2253 (R. S. 1889), the appellant is required to file in the office of the proper appellate court fifteen days before the first day of the return term of the appeal, a perfect transcript of the record in the cause, or a certified copy of the judgment and entry of

appeal, to be supplemented by a printed abstract thereafter, in due course, as prescribed in that section.

The bill of exceptions forms a part, often a very important part, of the record of the cause in which it is filed (R. S. 1889, sec. 2172); and it must be included in the transcript upon appeal, when requested by the appellant (R. S. 1889, sec. 3237).

Keeping the above cited sections in view, what is the proper construction to be given to section 2252 as recently amended (Laws 1891, p. 69, sec. 1) namely:

"Section 2252.   All appeals taken sixty days before the first day of the next term of the supreme court or either of the courts of appeals shall be returnable to such next term, and all appeals taken in less than sixty days before the first day of such next term shall be returnable to the second term thereafter.   The appellant shall perfect his appeal in the manner and within the time prescribed in the next succeeding section, and if he fails to do so, and the respondent shall produce in court the certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted, and the time when the appeal was granted, such certificate shall be *prima facie* evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment so appealed from, and the court shall affirm the judgment, unless good cause to the contrary be shown; and the failure of the clerk to notify the appellant, or his attorney of record, of the completion of the transcript in time to enable him to have the same filed in the appellate court in the time required by law, shall be considered and is hereby declared good cause for refusing to affirm the judgment of the lower court on such motion."

Land & Investment Company v. Martin.

It is well settled by precedents that the court will affirm a judgment on motion, when the appellant has failed to comply with the requirements which the statute law has laid down to facilitate the disposition of appeals; and where no satisfactory cause for such failure or default is exhibited. *Boggs v. America Ins. Co.* (1862), 31 Mo. 499; *Rice v. McElhannon* (1871), 48 Mo. 224.

But if good cause for the delay in filing the proper appellate record is shown, it is the constant practice of the court to refuse to affirm on account of the delay.

If the omission or failure of the clerk of the trial court to seasonably notify the appellant, or his attorney, of the completion of the transcript is a sufficient cause for refusing an affirmance of judgment (as the statute last quoted declares), should it not be held, for stronger reason, that no judgment should be affirmed, under section 2252, for failure to prosecute the appeal where the period given in the trial court to file the bill of exceptions has not yet expired.

The appellant is entitled to the benefit of the whole record, if he desires it, upon appeal; and he should not be required to file it piecemeal.

At least the present statutes do not seem to contemplate that an appellant should be obliged to file the necessary papers in the appellate court, until he has had the full opportunity allowed by law to preserve all the proceedings of the circuit court in the record to be reviewed.

Until after the date granted to complete the circuit record for the purposes of the appeal, it seems to me that the appellant can not be justly held to be in default in the prosecution of the appeal.

All sections of the existing law bearing on this topic being fully considered, it is my opinion that the motion to affirm the judgment should be overruled. Judges BRACE and MACFARLANE coincide in these views.