M. C. Jacobs, Appellant, v. North British & Mercantile Insurance Company, Respondent.

### Kansas City Court of Appeals, April 1, 1895.

1. **Appellate Practice:** FILING TRANSCRIPT. At the October term the bond and affidavit for an appeal were filed and the appeal allowed. Appellant had leave to file a bill of exceptions during the following February term which was done on the sixteenth day of said February. This perfected the appeal and made the case returnable to the October term.

2. **Insurance:** ARBITRATION: CLAUSE: STATUTE. Defendant insured plaintiff's building for $1,500. The policy contained an arbitration clause. After total loss, upon disagreement, arbitrators valued the building at $1,200. There was no evidence of any depreciation. *Held,* that the policy of the statute must be enforced and the agreement to arbitrate that which had already been settled was without consideration and must be rejected, and that plaintiff was entitled to judgment for $1,500.

*Appeal from the Ray Circuit Court.*—Hon. E. J. Broaddus, Judge.

Reversed and remanded (*with directions*).

*J. E. Ball* for appellant.

The agreement, or stipulation in the policy, providing for an appraisal and arbitration, was in violation of section 5897, above cited. *Ampleman v. Ins. Co.,* 35 Mo. App. 308; see page 314; *Reily v. Ins. Co.,* 43 Wis. 456.

No brief for respondent.

Gill, J.—Along with the case there was submitted the respondent's motion to affirm the judgment of the lower court on the alleged ground that the appel-

lant had failed to file the transcript fifteen days before the March term, 1894, the alleged return term of the appeal.

The motion is not well founded and will be denied. While motions for new trial and in arrest were overruled in October, 1893, and at the same time bond and affidavit for appeal were filed and appeal allowed; yet, as the appellant was granted leave to file bill of exceptions during the following February term, and said bill of exceptions was during said term, to wit, February 16, 1894, presented and allowed, the filing of the transcript in this court July 28, 1894, was in time for the October term, 1894, which, under repeated rulings of this court, was the return term of the appeal. The appeal was not perfected until the bill of exceptions was allowed, signed and made a part of the record. This was done February 16, 1894, less than thirty days before the beginning of the March term, 1894, and hence the appeal was returnable to the second term thereafter, to wit, the October term, 1894.

This is a suit on a policy of insurance for $1,500, issued April 7, 1892, covering a frame house used as a hotel and drug store, at Lexington Junction, in Ray county. In February, 1893, and during the life of the policy, the building was totally destroyed by fire. Plaintiff asked judgment for the full amount named in the policy, to wit, $1,500.

No question was made as to the liability of the company, but the controversy arose as to the amount. A stipulation appears in the contract of insurance that "the company shall not be liable beyond the actual cash value of the property at the time any loss or damage shall be ascertained or estimated, according to such actual cash value, etc. * * * In the event of a disagreement as to the amount of the loss, the same shall be ascertained by two competent and disinterested

appraisers, the insured and the company each selecting one   *   *   * and the award in writing shall determine the amount of such loss.''

In pursuance of this stipulation, plaintiff and defendant entered into a written agreement to appraise the amount of the loss, each appointing one appraiser. After an investigation, the appraisers made a report, fixing the value of the building destroyed at $1,200. The defendant offered to pay this sum, but plaintiff declined to accept it as full satisfaction. It is proper here to state that no evidence was offered tending to prove any depreciation of the property insured after the date of the policy.

On the foregoing facts, the trial court, sitting as a jury, gave judgment for the plaintiff in the sum of $1,200, and he has appealed to this court, claiming that he ought to have been allowed $1,500, the amount named in the policy.

Section 5897 of our insurance statute provides: ''In all suits brought upon policies of insurance against loss or damage by fire hereafter issued or renewed, the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property; and in case of total loss of the property insured, the measure of damages shall be the amount for which the property was insured, less whatever depreciation in value, below the amount for which the property is insured, the property may have sustained between the time of issuing the policy and the time of the loss, and the burden of proving such depreciaton shall be upon the defendant.''

If now the plaintiff's measure of recovery should be settled by the foregoing section, then clearly he is entitled to the full amount named in the policy; for it is admitted that the building was a total loss, and there is

nothing in the evidence tending to prove that there was any depreciation in the value thereof, between the issue of the policy and the date of the fire. If there was any such depreciation, it was incumbent on the defendant to prove it. The only testimony in relation to that matter was that of the plaintiff himself, who testified that the building was in a better condition and more valuable at the time of its destruction than when the policy was taken out.

The above quoted statute now must be considered and given effect as if bodily incorporated in the terms of the policy; and so considered it fixes the amount of the recovery, unless, indeed, defendant can secure a reduction of the amount by invoking that portion of the contract which apparently permits it to dispute the value and hold the insured to the award of appraisers appointed by the parties according to the terms of the policy.

The statute above quoted fixed and conclusively settled the amount of plaintiff's loss; the arbitration feature of the policy provided for the payment of a less amount. An inconsistency then clearly appears between the provision of the policy and the statute. The question, then, is, by which shall the rights of the parties be determined? The answer to this is that the policy of the law must be enforced; the agreement to arbitrate that which had already been settled was without consideration and must be rejected, leaving the statutory obligation on the defendant unimpaired and absolute. *Reilly v. Ins. Co.*, 43 Wis. 449; *Ampleman v. Ins. Co.*, 35 Mo. App. 308.

It follows, then, that the trial court erroneously fixed plaintiff's damages at only $1,200, instead of $1,500 the amount named in the policy. The judgment, then, will be reversed and cause remanded with directions to enter judgment for plaintiff in the sum of $1,500, with interest and costs. All concur.