CUNNINGHAM *et al.* v. ROUSH, *Appellant.*

Division One, December 7, 1897.

1. **Appellate Practice**: DATE OF JUDGMENT: BILL OF EXCEPTIONS. The date of a judgment appealed from, in the circuit court, is the date of filing the bill of exceptions or the date of the expiration of the time allowed for filing such bill. If the next term of the Supreme Court begins within sixty days of that date, the appeal is returnable to such term; if not, then to the next term; and in any event a transcript of the record, etc., must be filed fifteen days before the first day of the return term.

2. ————: NO BILL OF EXCEPTIONS. When the proper orders have been made in the circuit court granting an appeal, and the appellant is given a certain time within which to file a bill of exceptions, the appeal is good though the bill of exceptions is never filed.

*On motion to affirm.*

OVERRULED.

*Balthrop, Stephens & Loomis* for the motion.

*A. W. Mullins* against the motion.

PER CURIAM.—Respondents move to affirm the judgment on the ground that neither a transcript of the record nor certified copy of the record entry of judgment was filed fifteen days before the first day of the term of court to which the appeal was returnable.

The record shows that the judgment was rendered on the twenty-sixth day of June, 1896. An appeal was taken on the same day and defendant was allowed ninety days in which to file a bill of exceptions. Afterward, on the twenty-third day of September, 1896, in vacation, the judge of the court extended the time for filing the bill of exceptions to the December term

of court.  Afterward, on the eighteenth day of November, 1896, in vacation, the court again extended the time for filing the bill of exceptions for sixty days from that date.   The term of said court was regularly held and was adjourned on December 26, 1896, to court in course.   On the thirteenth day of January, 1897, and in vacation, the judge of said court extended the time for filing the bill of exceptions for sixty days from that date.   The bill was filed March 13, 1897, and the transcript of the record was filed in this court March 29, 1897.

All appeals taken sixty days before the first day of the next term of the Supreme Court are made returnable to that term, and a transcript of the record or certified copy of the judgment, etc., must be filed fifteen days before the first day of the term.   R. S. 1889, secs. 2252, 2253; amended by Acts 1891, page 69.

Until a bill of exceptions has been filed, it is not possible for an appellant to file a complete transcript of the record in this court, and as the time in which such bills shall be filed is so largely within the discretion of the court or judge in vacation, this court, in considering the question of diligence on the part of appellant in perfecting appeals, has adopted the just practice of treating the date of filing the bill of exceptions or the expiration of the time allowed therefor as the date of the judgment appealed from.   *Land & Investment Co. v. Martin*, 125 Mo. 117.

The time allowed appellant for filing his bill of exceptions was extended beyond the first day of the October term, and according to the rule of practice noted, good cause is shown for the failure to file the transcript fifteen days before the first day of that term.

The transcript was filed fifteen days before the first day of the April term, which is as soon as could reasonably be required.

Counsel for respondent insists, however, that the judge of the circuit court had no right, in vacation, to extend the time for filing the bill of exceptions over a regular term of his court, and that the bill of exceptions filed after such term is without authority of law, and for that reason the judgment should be affirmed.

This claim must be overruled for two reasons: *First*, because there is no such ground for affirming the judgment stated in the motion; *second*, because the appeal is good, though no bill of exceptions was in fact filed. Appellant has the right to have his appeal heard upon the record proper.

The motion is therefore overruled.