## LUCAS, Appellant, v. HEUSTON.

### Division One, May 21, 1902.

**Appeals:** RETURN TERM. Where the appeal has been granted and the bill of exceptions filed more than sixty days before the next term of the Supreme Court, it is returnable to such court, and in such case if the appellant fails, without excuse, to file in the Supreme Court, fifteen days before the first day of such return term, a perfect transcript or certified copy of the judgment and order of appeal, the judgment, on the motion of the respondent, will be affirmed.

Appeal from Vernon Circuit Court.—*Hon. O. H. Hoss,* Special Judge.

AFFIRMED.

*S. A. Wight* and *J. B. Johnson* for appellant.

*Scott & Bowker* for respondent.

MARSHALL, J.—This is an action in ejectment to recover a strip of land five feet wide by one hundred and sixty feet long, off of the west side of the southeast quarter of block 29 of Hall's addition to Nevada, Missouri. The petition is in the usual form. The answer is a general denial and a plea of the ten-year statute of limitations. The case was tried before Hon. O. H. Hoss, as special judge, without the aid of a jury, on December 20, 1898, taken under advisement, and decided in favor of the defendant on December 31, 1898. Within due time, a motion for new trial was filed; all of which occurred at the November term, 1898, of the circuit court of Vernon county. The motion for new

trial was not passed upon at the November term, 1898, but was continued to the April term, 1899. During the April term, 1899, to-wit, on May 27, 1899, the motion for a new trial was overruled, and on the same day an appeal to this court was granted to the plaintiff, and he was also given until the first day of the July term, 1899, in which to file a bill of exceptions. Within the time allowed, to-wit, on July 8, 1899, he filed the bill of exceptions.

On June 2, 1899, the clerk made out a certified copy of the judgment, as contemplated by section 813, Revised Statutes 1899. This the plaintiff filed in this court on November 22, 1899. The defendant now moves to affirm the judgment for failure to prosecute the appeal, in this, that under section 812, Revised Statutes 1899, the appeal having been taken more than sixty days before the October term, 1899, of this court, the appeal was returnable to that term, and the appellant failed to file in this court fifteen days before the first day of the October term, a perfect transcript or a certified copy of the judgment, as required by section 813, but instead of so doing, he filed the certified copy of judgment on November 22, 1899. The October term, 1899, of this court began on October 10, 1899. So that the certified copy of the judgment was not filed until forty-two days after that term began. No excuse for this failure is attempted.

Under these circumstances, there is nothing left for this court to do but to affirm the judgment of the circuit court. The appeal was granted and the bill of exceptions was filed more than sixty days before the first day of the October term, 1899. The certified copy of the judgment is dated June 2, 1899. There is no pretense that the clerk failed to notify the appellant of the completion of the certified copy of the judgment in time to have enabled him to file it in this court in the time required by law. Hence, even under the rule laid down in Land & Inv. Co. v. Martin, 125 Mo. 117, and in Cunningham v. Roush, 141 Mo. 640, the appeal was re-

turnable to the October term, 1899. And the same would be true under the new rule adopted by the court at the October term, 1901 (162 Mo. p. vi, following p. 781).

The judgment of the circuit court is therefore affirmed. All concur.