COLUMBUS COAL COMPANY, Respondent, v. S. D. MITCHELL, Appellant.

Springfield Court of Appeals, May 2, 1910.

1. **APPELLATE PRACTICE: Term to Which Appeal is Returnable.** Formerly, under the ruling of the Supreme Court in determining to what term the appeal was returnable, the date of filing the bill of exceptions or the date of the expiration of the time allowed for filing the bill was considered the date of the judgment appealed from; but under rule 16 of the Springfield Court of Appeals, on appeals taken after October 1, 1909, since the adoption of the rule, the date of the allowance of the appeal and not the time for filing the bill of exceptions determines the term of this court to which such appeal is returnable.

2. ———: **Three Methods of Appealing.** In appealing a case, the appellant may use one of three methods. These three methods are fully set out and explained in the opinion.

3. ———: **Motion to Affirm Judgment.** On a motion to affirm a judgment on the ground that appellant had not properly perfected his appeal, it appeared that the first and only step taken by the appellant in the appellate court was to file a printed abstract on the second day of the court. *Held*, not a compliance with any of the three methods of appealing, and the excuses of the appellant are also considered and are held to be without merit.

4. ———: **Duty to Perfect Appeal.** The duty of seeing that the appeal is filed in proper time in the appellate court is a personal one resting on the appellant.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED.

*S. D. Mitchell* for appellant.

*M. R. Lively* for respondent.

NIXON, P. J.—This was an action upon an account in the sum of $117.83 for two cars of coal and the freight charges thereon, alleged to have been delivered by respondent to appellant at Duenweg, Missouri, and was begun in a justice of the peace court, where respondent obtained judgment. An appeal was taken to the circuit court where respondent again prevailed and an appeal was allowed to the Kansas City Court of Appeals. By virtue of an act of the Legislature, the rights of the parties must be adjudicated in this court.

The respondent has filed in this court a motion to affirm the judgment for the reason that appellant has wholly failed to comply with the law and with our rules in perfecting his appeal.

The judgment for respondent in this case was rendered in the circuit court on May 29, 1909. A motion for a new trial was filed and overruled on the same day and appellant was given until on or before the third day of the October, 1909, term of said court in which to prepare and file his bill of exceptions. The affidavit which appellant has filed in this court in resistance to the respondent's motion states that his appeal bond was filed and the ten dollar docket fee paid to the circuit clerk to the use of the clerk of the appellate court. On October 4, 1909, the first judicial day of the October term of the circuit court, the court extended the time for filing the bill of exceptions until on or before November 13, 1909. During this period, the court again extended the time until on or before December 1, 1909.

On November 30, 1909, the bill of exceptions was signed, sealed and filed. Nothing was ever filed in the Kansas City Court of Appeals.

Respondent's contention that the appeal was returnable to the October term of the appellate court is not sustained by the authorities. According to law, this court convened on the first Monday in October, 1909, which was the fourth day thereof. It was held in the case of Cunningham v. Roush, 141 Mo. 640, 43 S. W. 161, that the date of a judgment appealed from, in the circuit court, is the date of the *filing of the bill of exceptions* or the date of the expiration of the time allowed for filing such bill; that all appeals taken sixty days before the first day of the next term of the Supreme Court are made returnable to that term; if not, then to the next term. See also St. Clair Land & Inv. Co. v. Martin, 125 Mo. 114, 28 S. W. 434; Hicks v. Hoos, 44 Mo. App. 571; Jacobs v. Ins. Co., 61 Mo. App. 572; Wall v. Casualty Co., 111 Mo. App. l. c. 517. It is therefore clear that the appeal was returnable to the March, 1910, term of the appellate court. It might be well to add, however, that by virtue of our rule 16, it is provided that in all cases where appeals have been taken since October 1, 1909, the date of the allowance of the appeal, and not the time of filing the bill of exceptions after the appeal is granted, shall determine the term of this court to which such appeal is returnable.

On December 23, 1909, no steps having been taken by appellant to have his case lodged in the appellate court, respondent had the sheriff of Jasper county serve on appellant a motion to affirm the judgment. On January 3, 1910, respondent filed said motion in this court and paid the docket fee of ten dollars and filed with said motion a certificate of the clerk of the circuit court, showing the date and amount of the judgment and the granting of the appeal as provided by section 812, Revised Statutes 1899.

Coal Co. v. Mitchell.

As will appear presently, an appellant must lodge his appeal in the appellate court at least fifteen days before the first day of the term to which his appeal is returnable. This appeal, as we have found, was returnable to the March, 1910, term of this court which convened on March 7, 1910. Appellant, on the 8th day of March, 1910, made the following service of a copy of what is designated "Abstract of Record": "Service made upon M. R. Lively, March 8, 1910, by leaving copy with— (Signed) Pearl Ford, stenographer for M. R. L." On the same day, he filed his "Abstract of Record" in this court. This was the first step he had taken in this court.

In appealing a case, the appellant may now use one of three methods: (See Finkelnburg and Williams on Mo. App. Prac. [2 Ed.], p. 84.)

(1) He may, fifteen days before the first day of the term, file a certified copy of the record entry of the judgment, order or decree appealed from, together with the order granting the appeal, and thereafter, at least thirty days before the day on which the cause is set for hearing deliver to respondent a printed abstract, etc. This is the method contemplated by our rule 12. It is clear that appellant has not followed this method.

(2) He may cause a complete manuscript transcript to be filed with the clerk of the appellate court fifteen days before the first day of its term, and at least twenty days before the day on which the cause is set for hearing, deliver to respondent a copy of his abstract, etc. This is so declared by our rule 14. Obviously, appellant has not followed this method.

(3) Appellant may cause a complete transcript to be printed and indexed and file one copy "duly certified by the clerk of the trial court" with the clerk of the appellate court fifteen days before the first day of the term to which the appeal is returnable, etc. This method is contemplated by our rule 13. When this method is followed, no abstract other than what has

been filed is required.    The appellant has likewise failed to properly follow this course.    His "Abstract of Record" is far from being a printed transcript, and, moreover, he never filed one copy thereof "duly certified by the clerk of the trial court" as the rule plainly requires; and what he did file was filed one day *after* the opening of the term to which his appeal was returnable.

It is therefore clear that there is nothing before this court except the respondent's motion to affirm the judgment.

The statute, section 812, Revised Statutes 1899, provides that if appellant fails to perfect his appeal and the respondent shall produce in court the certificate of the clerk of the court in which such appeal was granted, stating the amount of the judgment, etc., "such certificate shall be prima-facie evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment appealed from, and the court shall affirm the judgment, unless good cause to the contrary be shown."    But in all of the cases where appellant has  sought to show "good cause to the contrary" under the statute, he has offered at the time to comply with *one* of the three methods of appealing cases.    Had he done so, we would then have been permitted to exercise the discretion allowed by said statute and to have said whether appellant had exercised proper diligence.    Appellant, himself an attorney, and appearing for himself in this court, has stated to this court as an excuse for the delay that another attorney represented him in the circuit court and that he was told by said attorney that all he would have to do to appeal the case would be to file an appeal bond and pay the ten dollars (which he says he did) and that the circuit clerk would attend to having the case docketed in the appellate court.    Appellant states that the circuit clerk never demanded of him his fees for making out a certificate of the record entry of the judgment, and had such demand been made, he

would have paid the same. The affidavit of the circuit clerk has not been presented, nor an affidavit of the lawyer who represented appellant. Appellant says that his attorney went away after the trial in quest of health and did not return until October, 1909; that on November 30, 1909, the bill of exceptions was filed.

Even granting that appellant thought his case was properly docketed for the March, 1910, term of this court, on December 23, 1909, the sheriff of Jasper county served on him a copy of respondent's motion to affirm the judgment which fully apprised him of the status of his case. There was yet abundant time. Our March term, 1910, commenced on the 7th day of March. From December 23, 1909, to March 8, 1910, appellant seems to have slept the sleep of the innocent, never having during that time aroused from his lethargy; yet, having received in the early weeks thereof, full notice of his precarious condition and doing nothing, his excuses come with little grace and no real merit. The duty of seeing that the appeal is filed in proper time in the appellate court is a personal one resting on the appellant. [Caldwell v. Hawkins, 46 Mo. 263; State v. Caldwell, 21 Mo. App. l. c. 647.] In the case of Caldwell v. Hawkins, the court say that the "statutory duty of the appellate court, in such a case, is plain and imperative, and cannot be dispensed with." And in the case of State v. Caldwell, referring to that language, the court say: "The imperative necessity thus declared to us is, that we affirm the judgment." In the case of Sims v. Railway, 28 Mo. App. 101, the attorney who tried the case resigned in June, 1887 (the appeal having been allowed on March 29, 1887), and failed to notify his successor of the condition of the case until some time in August. He then promised his successor that he would look after the case, but press of business prevented his doing so. The transcript was delivered by the circuit clerk to appellant's attorney on October 3, 1887. The appellate court, on November 22, 1887, held

that these facts "show no diligence whatever in the prosecution of the appeal, and no good cause why the judgment should not be affirmed, as prayed for."

And while, as we have said, under the peculiar status of this case, it is not necessary to go into the question of "good cause" under the statute, it does seem to us that the course followed in this appeal is inexcusable. Ours are salutary rules of practice which have emanated from the experience of all our courts for many generations, and they must be observed in order that cases may be determined and delays avoided which often result in denials of justice.

The motion of respondent is sustained and the judgment affirmed. All concur.