Richard Carroll, Appellant, v. James T. Campbell
et al., Respondents.

### St. Louis Court of Appeals, May 3, 1887.

1. Jurisdiction, Appellate—How Determined.—To deprive the courts of appeals of jurisdiction, on the ground that the cause involves the construction of the constitution, such constitutional question must be one which is fairly debatable.

2. ——— Former Adjudication.—In determining its jurisdiction in such a case, if the precise question has been previously decided, the court will not consider the question as fairly debatable.

3. License—Exclusive Power Construed.—The exclusive power to grant a license includes the power to withhold a license, and to thus make the license granted exclusive of all others.

4. Equity—Injunction—Appellate Practice.—An appellate court, which finds, upon a review of the case, that the plaintiff is, by his pleadings and evidence, entitled to a perpetual injunction, will enter such a decree without remanding the cause.

Appeal from the Madison County Circuit Court, James D. Fox, Judge.

*Reversed and a decree entered.*

J. B. Dennis, with whom are Dyer, Lee & Ellis, for the appellant: The General Assembly of Missouri may grant an exclusive ferry franchise. *Challiss v. Davis,* 56 Mo. 25 ; *Alexandria Ferry Co. v. Wisch,* 73 Mo. 655 ; *Harrison v. The State,* 9 Mo. 530. And this power may be conferred upon, and exercised by, municipal corporations. *Minturn v. Larue,* 23 How. ( U. S.) 335. "The power of the legislature to grant the right to maintain a ferry across the Mississippi river is not affected by the ordinance of 1787, or the power of congress to regulate navigation." *Fanning v. Gregoire,* 16 How. ( U. S.) 534 ; *Ciapella v. Brown,* 14 La. (amended) 189 ; *Marshall v. Grimes,* 41 Miss. 27. Interruptions

in the enjoyment of a ferry franchise are a nuisance, which may be abated by injunction, by one having the legal franchise. *Collins v. Ewing*, 51 Ala. 101; *Newburg Turnpike Co. v. Miller*, 5 Johns. Ch. 107; *Midland, etc. v. Wilson*, 28 N. J. Eq. 537; *McRoberts v. Washburn*, 10 Minn. 23; *East Hartford v. Hartford, etc.*, 16 Conn. 171; *Long v. Beard*, 3 Murph. (N. C.) 57; *Walker v. Armstrong*, 2 Kans. 198, 219. The right to grant a license implies the power to refuse it. *St. Louis v. Waterloo-Carondelet Co.*, 14 Mo. App. 220.

FRANK E. BURROUGH, for the respondents: The court of appeals has no jurisdiction of this cause. Const., art. 6, sect. 12. The grant of an exclusive power to license does not confer the power to grant an exclusive license. *Fanning v. Gregoire*, 16 Howard, 524; *Chicago v. Rumpff*, 45 Ill. 90; *Logan & Sons v. Pyne*, 43 Iowa, 524; *Burlington & Henderson Ferry Co. v. Davis*, 30 Am. Rep. (48 Iowa, 133) 390. The word "exclusive" operates to exclude or shut out the power of the state and county over the same subject. That is its only force. *The State v. Harper*, 58 Mo. 530; *The State v. Sherman*, 50 Mo. 265; *Harrison v. The State*, 9 Mo. 526. The power can not be derived from the words "regulate and tax." Those words can not be construed to mean suppression or prohibition. They imply, necessarily, the continued existence of the thing regulated and taxed. *The State v. Clark*, 54 Mo. 17, 33, 34. The fact that the defendants have no license does not entitle the plaintiff to injunctive relief, unless the plaintiff has an exclusive license. 3 Wait's Actions and Defences, 726; *Conway v. Taylor's Executors*, 1 Black (U. S.) 634; *Butt v. Colbert*, 24 Texas, 355; *McEwen v. Taylor*, 4 Greene (Iowa) 532.

GEO. D. REYNOLDS, for the respondents: This court has no jurisdiction of this cause. *Gloucester Ferry Co. v. Pennsylvania*, 114 U. S. 196. An appeal does not

lie from an order dissolving a temporary injunction. *Tanner v. Irwin*, 1 Mo. 65 ; *Johnson v. Board of Education*, 65 Mo. 47 ; *Witthaus v. Bank*, 18 Mo. App. 181 ; see, also, *Verden v. Coleman*, 18 How. 86.

LEWIS, P. J., delivered the opinion of the court.

The petition shows that the city of Cape Girardeau is a municipal corporation, duly incorporated under an amendatory act of the General Assembly, approved March 29, 1872, which gives to the said city "exclusive power and right to regulate, tax, and license all ferries within its limits" ; that, on or about September 14, 1885, the mayor and council granted to the plaintiff an exclusive ferry franchise and license "for the sole purpose of keeping, running, and operating a steam ferry boat over and across the Mississippi river, within the jurisdictional limits of the city of Cape Girardeau, Missouri, and a strip of land on the Illinois shore, opposite said city," for a term of ten years ; that the ordinance granting said exclusive franchise contained certain conditions, all of which were fully complied with and performed by the plaintiff ; that a license issued by the mayor, under said ordinance, was renewed on March 15, 1886, and is now in force ; that the plaintiff was, and is, allowed thereby to charge, and receive as toll, certain rates for transporting persons and freight across the river, but his said privilege is rendered useless and void by the wrongs and injuries of which he complains. Similar averments are made with regard to a license and franchise granted to the plaintiff for like purposes, by the proper authorities in the state of Illinois, opposite to the city of Cape Girardeau ; that, after the plaintiff had become so invested with the rights and privileges mentioned, the defendants made application to the mayor and council for a ferrying license, but their application was denied ; that, notwithstanding said denial, and the exclusive rights of the plaintiff, the defendants have established a steam ferry within the

jurisdictional limits of said city, and within the space to which the plaintiff has the sole and exclusive right, as ferryman, and have been doing, are still doing, and threaten to continue to do, a ferrying business, at the said locality, to the plaintiff's great and irreparable damage. The plaintiff prays for a temporary injunction, restraining the defendants from further operating their said ferry, and that, upon a final hearing, the injunction be made perpetual. A temporary injunction was granted, and there was a change of venue from Cape Girardeau to Madison county.

The answer denies that the plaintiff has the exclusive ferry privilege claimed, or that the city of Cape Girardeau had any power to grant the same; admits that the defendants have been doing a ferry business, as charged, and avers that they had a right so to do, under the law and constitutions of the United States and the state of Missouri. It is further averred that the ordinance relied on by the plaintiff is null and void, because it attempts to operate a monopoly and an exclusive franchise, and so violates the constitution of Missouri, and that it violates the constitution of the United States, in that it is an attempt to regulate commerce between the states. A motion to dissolve the injunction was sustained upon a full hearing, and the plaintiff's bill was dismissed.

The respondent claims that this court has no jurisdiction of the present appeal, because it involves a question of construction of the Federal constitution. We have uniformly held that such a question, in order to be considered with reference to jurisdiction, or the right of appeal under former constitutional regulations, must be at least fairly debatable. The question, as here raised, is not debatable at all. It is set at rest forever, so far as this court is concerned, by our conclusions in *City of St. Louis v. Turnpike & Ferry Company* (14 Mo. App. 216).

It is argued for the defendants, combating the claim

of exclusive franchise vested in the plaintiff, that "the grant of an exclusive power to license does not confer the power to grant an exclusive license." This may be true, as a matter of literal interpretation ; but it does not touch the real nature of the charter power here con-ferred on the municipality. As we said in the case just referred to : " A right to license implies a right to pro-hibit ; " which means no more than that prohibition naturally follows from an omission or refusal to license. The municipal authorities of Cape Girardeau might, un-der their charter, grant any number of ferry licenses ; but when, as appears in this case, they have, in fact, granted but one, that one is, in practical effect, exclu-sive as to all the world ; and especially so as to these defendants, to whom a license was refused. It results, from these and other considerations, that no stranger to the license issued can, without a violation of law, estab-lish or run a ferry within the limits which it lawfully comprehends. The defendants are thus, by their own confession, violators of the law. The plaintiff shows that he is an immediate sufferer from this breach of civil duty. He has given a penal bond which compels him to be in readiness, at all times, to perform certain services for the public. He shows that the defendants' unlawful acts hinder him in the performance of those services, by cutting down the profits, which would enable him to discharge his duties without actual and daily loss, and unremunerated expense. He shows that no award of damages can compensate or avert the injuries done and threatened, wherefore injunction is his only available remedy.

The defendants object that the city ordinance grant-ing a license to the plaintiff is void, under article 4, sec-tion 53, of the state constitution, which limits the passage of special laws. The same objection was fully considered by us in *St. Louis v. Turnpike & Ferry Com-pany* (14 Mo. App. 216). It was there found that "an ordinance passed in pursuance of provisions of a munic-

ipal charter, which authorizes the licensing of ferries within the city, does not violate the constitutional inhibition against the passage, by the legislature, of local or special laws." We have nothing to add to, or withdraw from, the opinion in that case. The same may be said of the defendants' point, that the ordinance is in violation of the Federal constitution, in that it attempts to interfere with the commerce between the states. We can not waste time in the repeated discussion of such questions.

Under the motion for a dissolution of the injunction, the plaintiff proved substantially all the material allegations of his petition. Reviewing the weight of the evidence, as we may do in a case of this sort, we find that there was no warrant for a finding against the plaintiff, on any question, either of fact or of law, which was involved in the motion. The judgment dismissing the plaintiff's bill will be reversed, and a decree will be entered in this court, making the injunction perpetual, as prayed for. All the judges concur.