JOHNSON COUNTY, Respondent, v. J. V. BRYSON, INTERPLEADER, Respondent, and MICHAEL GUIHEN, INTERPLEADER, Appellant.

Kansas City Court of Appeals, May 23, 1887.

APPEAL DISMISSED FOR FAILURE TO COMPLY WITH RULE FIFTEEN OF THIS COURT.—By rule fifteen of this court, it is required that the appellant file with the clerk seven copies of a *printed* abstract of the record and brief. *Type writing* is not *printing.*

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Appeal dismissed.*

*Motion for re-hearing denied.*

SAMUEL P. SPARKS, for the appellant.

HENRY NEILL, for the respondent.

HALL, J.—The appellant has filed with the clerk of this court seven copies of his abstract of the record and his brief, written on a type writing machine. By rule fifteen of this court, it is required that the appellant file with the clerk seven copies of a *printed* abstract of the record and brief. The appellant has not complied with rule fifteen. The abstract of the record and brief, under the rule, must be printed, in the ordinary sense of the word printed. On account of appellant's failure to comply with rule fifteen, the appeal is dismissed.

All concur, except Ellison, J., who dissents.

### On Motion for Re-hearing.

PER CURIAM.—Appellant files a motion for re-hearing. It is claimed that rule fifteen of this court is in conflict with the statute. In support of this contention, appellant cites the provisions of the statute of 1879. But he seems to forget, or has overlooked the fact, that, by the act of 1883 ( Laws of Mo., 1883, p. 123 ), it is expressly provided that the supreme court shall have the power "to require parties to *print* abstracts of such records and briefs of points and arguments."

In *Kamerick v. Castleman* ( 21 Mo. App. 587 ), it is held that such an act is applicable to the courts of appeal. The rule in question is, therefore, authorized by law.

It is next insisted that printing by a type writer is a compliance with this rule. Type writing is not printing. The term printing has such a well defined and understood meaning, that it is not debatable as to what it means.

On the question of the good faith of counsel in believing that he was complying with the rule of this court, we can make no question. But we deem it but just to the court to say, that this attorney was in the habit, at an earlier date, of presenting, simply, manu-

script abstracts and briefs to this court. In kindness to him, *ex gratia*, he was advised by a member of this court that he was not complying with the rule, and that if he did not do so, the rule would be enforced against him. It seems, from his first motion filed herein, that he was in doubt as to his right to employ the type writer in such cases, and that he asked for information of a deputy clerk of this court. The deputy clerk is not the legal adviser of the court. He is not supposed to be "one learned in the law," and if the counsel was really in doubt as to the construction of the rule, as his inquiry indicates he was, the proper and safe course for him to take, would have been to ask information of the court, or any one of the judges, who were quite as accessible to him as the deputy clerk. The rule is so plain, and its purpose so obvious, that we do not see how the learned counsel could have been misled as to its mean-.ing. At all events, he erred in a mere matter of law and opinion, to correct which this court is, in part, constituted ; and mistakes in law have no equity side. To hold that type writing may take the place of print-ing, would be to nullify the rule. It would resolve itself simply into the question of the legibility of the paper presented for an abstract or brief ; and in this view, a manuscript, well written, with unexceptional penmanship, could as well be held to be a compliance with the rule demanding "printing."

The rule must either be enforced or abandoned. While we have no disposition to visit any hardship upon this attorney or his client, we will say, once for all, that the rules of this court will be enforced. They are founded, in our opinion, on the law, and in wisdom. If one attorney breaks through them, and construe them for himself, so as to bind the court, another may. The rule would soon be construed away, and its whole pur-pose thwarted.

The appellant in this case is not remediless ; to have any error committed by the trial court reviewed, he can

yet resort to his writ of error.   That the court may, in one or more instances, satisfactory to itself, have recognized such abstracts and briefs, cannot be invoked by this party as an estoppel, as he did not act thereon in preparing the abstract and brief in this case.   One permitted invasion of a rule can be no authority for its repetition, and the sooner the evil is corrected, the better, before it grows into a bad precedent.

The motion is denied.