State ex rel. Davis v. Schmitz.

STATE *ex rel.* JAMES L. DAVIS *et al.*, Respondents, v.
J. L. SCHMITZ, Mayor, *et al.*, Councilmen of
Chillicothe, Missouri, Appellants.

### Kansas City Court of Appeals, May 20, 1889.

1. **Constitutional Law:** COURTS OF APPEALS, JURISDICTION OF:
LOCAL OPTION APPLICABLE TO CHILLICOTHE. It is the uniform hold-
ing of the St. Louis and Kansas City courts of appeals, that a
constitutional question, which will oust the court of its appellate
jurisdiction must be one which reasonably arises on the record,
and is fairly debatable, and where a question has been finally
settled by the adjudications of the supreme court, it is no longer
debatable, and it is no longer an open question that the local
option act is applicable to the city of Chillicothe, and to every
other municipality and county in the state, whether such city
may, or may not, be organized under a special charter.

2. **Mandamus:** STATUTE OF JEOFAILS APPLICABLE TO. The statute
of jeofails applies to *mandamus* proceedings and after appearing
to the merits of the action, and contesting the sufficiency of the
same in the lower courts, it is too late to find fault with the alter-
native writ because the same was not signed by the judge or clerk.

3. **Definition:** MEANING OF INTOXICATING LIQUORS IN LOCAL OPTION
ACT. The words "intoxicating liquors" include within their
scope and meaning wines and beer, and the use of the words
"including wines and beer" after "spirituous or intoxicating
liquors," in a petition for *mandamus*, is mere surplusage.

4. ———— : APPLICATION OF THE RULE AS TO THE PEREMPTORY WRIT
FOLLOWING THE ALTERNATIVE. The law is well settled that the
command of the peremptory writ must substantially conform to
that of the alternative writ; but where the alternative writ com-
manded the respondents to hold an election within forty days
from July 5, and on August 1, after final hearing, the peremptory
writ issued commanding them "to order an election to be held
under the local option law, as in the alternative writ set forth, as
soon as the same can be held under said law." *Held,* there was a
substantial compliance and the rule does not demand a literal
conformity.

State ex rel. Davis v. Schmitz.

*Appeal from the Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Broaddus & Loomis*, for the appellant.

We contend that the court erred in overruling appellants' motion to quash the amended writ of *mandamus*, for the following reasons, to-wit: (1) Because said amended alternative writ had no force and was null and void. Because the same was not signed by the judge of the court nor by the clerk thereof, and was not attested by the seal of the court. Const. Mo., art. 6, sec. 38. (2) Because the petition to the city council, asking for an election to be held in the city of Chillicothe under the local option act, was presented to said council on the fifth day of July, 1888, and the peremptory writ was issued on the thirtieth day of the same month, from which date there was not sufficient time within forty days from said fifth day of July to hold an election under said law. Local Option Law, act of 1887, pp. 180, 181, secs. 2, 3. (3) Because said amended writ and said petition to city council show that said city council was asked to have a vote taken " whether spirituous and intoxicating liquors, including wines and beer," should be sold in said city. Whereas said section 2 of said act requires an election to be held only " to determine whether or not spirituous or intoxicating liquors shall be sold." (4) A *mandamus* proceeding can not be used as a drag net. A party seeking relief by that proceeding must specify just what he wants ; nothing more or less." *School Dist. v. Lauderbaugh*, 80 Mo. 190 ; *State ex rel. v. Railroad*, 77 Mo. 143. (5) Because under said peremptory writ, no order for an election can be made until a new petition is presented to said council, which may never be done, therefore said writ is illegal and void. (6) Appellants

contend that the local option law is not applicable to the city of Chillicothe.    We cite the provisions of the charter mentioned in the alternative writ which apply to the subject.    Acts, Gen. Assem. 1869, p. 105, subdiv. 14, sec. 2.

*Johnson & Wait,* for relators and respondents.

(1)    The entry of appearance to petition for alternative writ waived summons (writ), and as court had jurisdiction of subject-matter, it is too late to complain. R. S. 1879, sec. 3485.    (2)    Any objection to writ except that it does not state facts sufficient to constitute a cause of action, or that the court has no jurisdiction, is expressly waived, unless specifically set forth by proper motion.    *Sweet v. Maupin,* 65 Mo. 65–71–72 ; *Edmundson v. Phillips,* 73 Mo. 57 ; *Carsinger v. Railroad,* 82 Mo. 196.    (3)    This must be done that the court may correct its errors below, and in justice to the trial court and no motion to quash peremptory writ was ever filed. *Pomeroy v. Benton,* 57 Mo. 531–50, and authorities there cited.    (4)    No judgment can be arrested, impaired, or reversed after verdict for want of any writ, original or judicial, or any default or defect, or process, nor for any omission or imperfection, etc.    R. S., secs. 3582, 3585. (5) The petition presented to the council was not faulty. The title of the act is to prohibit the sale of intoxicating liquors.    Section 1 calls it "spirituous and intoxicating liquors, including wine and beer."    That is, wine and beer are intoxicants.    Section 2 says: "spirituous and intoxicating liquors."    Section 4, ("for, or) against the sale of intoxicating liquors."    Section 5, "intoxicating liquors," and section 6 says, when the election has been held in a county or city, any kind of intoxicating liquors or beverage containing alcohol."    Laws, 18̇7, p. 179–81–82.    (6)    Const., sec. 53, art. 4.    While it does provide that no local or special law can change a charter, it also provides that a general law may be passed

repealing any local or special law. (7) There is no constitutional question in this case ; objecting to a law as unconstitutional does not make it so, or raise a con-stitutional point after the supreme court, as in the *Maggard-Pond case*, have determined all the points in the case addressed to that contention, and this court is bound by that decision and takes jurisdiction.    *In re Woolridge*, 30 Mo. App. 312, 617–1.    That case decides that the local option law applies to all cities, whether under special charter or not, and see also *Carroll v. Campbell*, 25 Mo. App. 630–3, 78 Mo. 396 ; *Lewis v. Turnpike Co.*, 14 Mo. App. 216, 82 Mo. 388 ; *Street v. Elarn*, 21 Mo. App. 290, 75 Mo. 340 ; *Kamerick v. Castleman*, 21 Mo. App. 587, and cas. cit. 75 Mo.    We do not see fit to answer point 2, in relation to the mat-ter of changing a charter other than we have in argu-ment in this case, except to observe that chapter 89, having been passed by the legislature, would be repealed by any other act of the legislature inconsistent with it, and secondly, that it has nothing to do with the case. 85 Mo. 64–77 ; 93 Mo. 168.    The appellants filed no demurrer or motion to quash peremptory writ, and the only question they can now make is, does it state facts sufficient to constitute a cause of action, or a judgment. *Sweet v. Maupin, supra.*

GILL, J.—This is a *mandamus* proceeding, begun in the Livingston circuit court by the relators, compos-ing more than one-tenth of the qualified voters of the city of Chillicothe, by which it was sought to compel the respondents, mayor and councilmen of said city, to order an election for the adoption (or rejection) of the local option law.    To the alternative writ respondents Schmitz, Schruley and Way made return that they were willing to obey said writ and order said election, but respondents Craycroft, Lake and Mohrs have contested the same and filed motion to quash said writ, which, being overruled by the court and final judgment of

peremptory *mandamus* issued, said Craycroft, Lake and Mohrs have appealed to this court. The propriety of the court's action in this regard, as well as its action in overruling a motion in arrest of judgment, raises the only questions now here for our consideration.

The alternative writ, in substance, states : The incorporation of the city of Chillicothe, by special act, in 1855; that it has a population of four thousand, and more than nine hundred and less than one thousand voters ; that respondent Schmitz is mayor and the other respondents are councilmen of said city ;    *    *    *    that relators on July 5, 1888, presented their application, by petitions, to said council, praying said council to order an election as soon as might be thereafter, to be held in said city of Chillicothe, under the local option law, to determine whether or not spirituous and intoxicating liquors, including wine and beer, should be sold within the corporate limits of said city ; that said council refused to order said election and continued to refuse to order said election, etc.    *    *    *    Then, after alleging that respondents compose the only body that can legally order said election, and that relators have no other remedy, the alternative writ commands respondents as follows :

These, therefore, are to command you, and each of you, to call, and cause to be called, an immediate meeting of said council, in accordance with the terms of the charter and ordinances of said city, in relation to special meetings ; serving all necessary notice thereof and designating therein the purpose for which said special session of said council is to be called, and that the consideration of said petition for an election under said act be duly therein set forth, and that at such meeting of said council, so to be immediately called as aforesaid, you cause an order ordering said election duly designating the day upon which the same is to be held, which said day shall be within forty days next after said fifth day of July, 1888, and after a proper notice of said

election shall have been duly published by order of said council for four week's in succession in some newspaper published in said city, the last insertion of said publication being within ten days next before the day of said election, so to be fixed as aforesaid. That you then and there designate the newspaper in which said order for said election shall be published. That you then and there make all needful orders of record in the record of said council for the appointment of the proper place or places for said election to be held, together with the necessary clerk and judges thereof, and, if on said election being held, a majority of the votes cast at said election be against "the sale of intoxicating liquors," that you further order a notice of the result of said election published once a week for four consecutive weeks in the same newspaper in which the notice of election was published.

And that you then and there make all such further orders duly entered of record in the records of said council as required under said act, to hold a legal and valid election for said purposes thereunder.

Or that you appear before this court on the thirtieth day of July, A. D. 1888, and then and there make due return hereto, showing good cause and valid excuse why you have failed to comply with this writ and obey the orders and judgment herein contained, and this you will in nowise omit.

To this alternative writ, respondents Craycroft, Lake and Mohrs filed motion to quash, and allege eight separate grounds therefor, chief of which are that the matters therein stated do not warrant the relief sought, but specifically setting out in fourth and fifth grounds as follows:

*Fourth.* Because the local option act, therein set out, does not under the constitution of the state of Missouri, have any relation to the city of Chillicothe acting under special charter, regulating the licensing and sale of intoxicating and spirituous liquors.

*Fifth.* Because said amended writ, and the petition therein, show that the petition presented to the city council asking that a vote be taken whether spirituous and intoxicating liquors, including wines and beer, should be sold in the corporate limits of said city, which was not a compliance with said local option law, and it was the duty of respondents to refuse to order said election.

The court overruled this motion ; and, on failure of respondents to plead further, peremptory *mandamus* was granted as follows :     *    *    *

"And it further appearing to the court that the respondents making returns as aforesaid have at all times been willing to grant the petition and order the election and have at all times sought to cause the necessary steps to be taken by said council, and have endeavored to obey the alternative writ heretofore issued herein and were and still are unable to grant said petition or obey said writ, because of the adverse action and voting of said Lake, Craycroft and Mohrs, and it further appearing to the satisfaction of the court that you have the sole power to order said election as prayed for in relators' petition.    That the amended alternative writ heretofore filed herein ought to be obeyed and a peremptory writ issued herein.    These, therefore, are to command you and each of you, the said respondents, that you immediately call or cause to be called a meeting of the council of said city, serving all necessary notices in accordance with charter and ordinances of said city.    That you designate in said call the purpose thereof.    That at said meeting, so to be held, you order an election to be held under the local option law in the amended alternative writ set forth as soon as the same can be held under said law.    That you order a publication of notice thereof for four weeks successively in some newspaper printed in said city, and to be by you designated as such, that the last insertion of said notice

in said paper be fixed at a time within ten days next before the day fixed for said election. That you then and there make all needful orders upon the record of said city council to hold said election and comply with the terms of said law, and that said election be held as soon as permitted by said act. That you designate judges, clerks and places to hold said election and make all such further orders, as is required by said act, as may be necessary, and this you will in nowise omit."

A motion in arrest filed by respondents Craycroft, Lake and Mohrs, being overruled by the court, they have appealed.

I. First, we are asked to transfer this cause to the supreme court on the alleged ground that a constitutional question is involved in its decision, and therefore we have no jurisdiction. It does not follow, because litigants may suggest in the record of a cause the existence of a constitutional question, that, without more, we should certify the cause to the supreme court, because it alone has jurisdiction of such questions. It is the uniform holding of the St. Louis and Kansas City courts of appeals, that a constitutional question which will oust the court of its appellate jurisdiction must be one which reasonably arises on the record, and is fairly debatable. To hold otherwise would be to "give aid and comfort" to the vexatious litigant in harassing and embarrassing his opponent. Where then a question has been finally settled by the adjudications of the supreme court it is no longer debatable, and we shall pay no heed to the clamors of litigants to transfer causes raising again the exact question. *Carroll v. Campbell*, 25 Mo. App. 633; *Kamerick v. Castleman*, 21 Mo. App. 591. That the local option law (Acts, 1887, p. 180) is applicable to the city of Chillicothe, as well as every other municipality and county in the state, and is no longer an open question, and that too, whether such city may, or may not, be organized under a special charter. *State ex rel. Maggard v. Pond*, 93 Mo. 621.

II.   After appearing to the merits of the action and contesting the same in the lower court, respondents are too late in finding fault with the alternative writ, because the same was not signed by the judge nor by the clerk of the court.

These defects are all cured by virtue of the statute of *jeofails*, which applies as well to proceedings in *mandamus* as in other actions.   R. S. 1879, secs. 3582 and 3585.

III.   Further reason is presented why respondents were justified in refusing to order an election, as prayed in the petition of relators, in that the city council was asked to have a vote taken "whether spirituous and intoxicating liquors, *including wines and beer*, should be sold in said city."   Whereas section 2 of the local option law requires an election to be held only "to determine whether or not *spirituous or intoxicating liquors*" shall be sold.

There is no merit in this contention.   It is clear, from an examination of the provisions of this law, that these expressions have one and the same meaning.   In the first section the election provided for in the county, outside the limits of an incorporated city or town, is held to determine "whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold," etc.   By section 4 it is provided that persons voting at the election shall vote "for" or "against" the sale of "intoxicating liquors," etc.

If the voters shall decide against the sale of such liquors, then by section 6 it is made unlawful for any person to sell or give away "any kind of intoxicating liquors or beverage containing alcohol," etc.

Section 8 provides "that nothing in this act shall be so construed as to prevent the sale of wine for sacramental purposes," etc.

The words "intoxicating liquors" include within their scope and meaning wines and beer, and it is plain

the legislature used such words with that meaning. The use of the words "including wines and beer" in the petition then was mere surplusage, and did not in any way affect the validity of the petition.

IV. On July 7, 1888, the alternative writ was issued, in which respondents were commanded to proceed and hold said election, and that the same should be holden within forty days from July 5, the date when the petition for said election was presented to the city council. On August first, the date of the final hearing in the circuit court, a peremptory writ was issued commanding, in substance, the same as was contained in the alternative writ, but the respondents were directed "to order an election to be held under the local option law as in the alternative writ set forth *as soon as the same can be held under said law*," etc.

It is claimed now that the peremptory writ departed from the terms of the alternative writ, and for that reason this cause must be reversed. The alleged departure is that the alternative writ commanded an election to be holden within forty days from July 5, whereas the command of the peremptory writ (made on August first) was that such election should be held "as soon as the same can be held under said law." In other words respondents would have the court, at its final hearing August 1, to direct an impossibility, to-wit: That within forty days from July 5, or within fourteen days from the date of said peremptory writ, the city council proceed to give notice (which must be for four weeks next before the election, section 3, local option law) and hold said election.

The law is well setted in this state, we concede, that the command of the peremptory writ must substantially conform to that of the alternative writ. *State ex rel. Millett v. Field*, decided at this term. There is a substantial compliance in this case. We do not think the rule contended for should require the peremptory

Clem & Carwin v. The German Ins. Co.

writ to conform *literally* with the demands of the alternative. To so hold in this case would be most disastrous to the rights of the relators.

After considering all the points suggested by the. respondents in their brief, we detect no reason for disturbing the judgment of the circuit court, and the same is therefore affirmed.   All concur.