THE FRANCO-AMERICAN LOAN & BUILDING ASSOCIATION,
Plaintiff, v. JUSTIN E. JOY, AND CLIFFORD L. MOTT,
Interpleaders, Appellants; CHARLES Z. TREMBLEY,
Interpleader, Respondent.

St. Louis Court of Appeals, February 12, 1895.

Practice, Appellate: PRINTED ABSTRACT. Under the rule of this
. court requiring four copies of the abstract to be filed by an appel-
lant, when he proceeds by filing a copy of the judgment entry and
order of appeal, four printed copies must be filed. And while this
court has heretofore considered appeals wherein typewritten, instead
. of printed, copies of the abstract were filed, it is wholly optional
with it at all times to insist upon a strict compliance with the rule.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*H. M. Pollard* and *C. L. Mott* for appellants.

*Clopton & Trembley* for respondent.

ROMBAUER, P. J.—This appeal is taken under the pro-
visions of section 2253 of the Revised Statutes, which
provides for the prosecution of an appeal by filing ·in
the appellate court a certified copy of the record entry
of the judgment with the order granting the appeal,
and thereafter, within the time and *manner* prescribed
by the rules of the appellate court, filing a *printed*
abstract of the entire record. Rule 14*a* of this court
requires that, where parties wish to avail themselves of
this section, they must file *four* copies of the abstract
within a certain time with the clerk of this court.   As

the rule refers to the statute, the four copies means four *printed* copies. We have heretofore been exceedingly indulgent with counsel, and have considered some cases where the copies so filed were typewritten instead of being printed. But we have always maintained that whether the court will or will not insist on a strict compliance with its rules is optional with it, and that counsel who fail to comply with the rule do so at their peril. We have been far more liberal in that regard than other appellate courts in the state. *Johnson County v. Bryson*, 26 Mo. App. 484.

In this case counsel, instead of filing *four printed* copies of the abstract, have filed *one typewritten* copy. The number is as essential as the form, since it repeatedly happens that the same case has to be examined by several of the judges at the same time.

As counsel for appellants have devoted a great deal of time to the preparation of a very extensive brief, which is also typewritten, and blurred in many instances, we have given the case sufficient examination to enable us to decide that no injustice will be done by the affirmance of the judgment.

The facts are complicated, and made still more so by a lack of clear presentation. As far as we can gather them from the record, they are as follows. The plaintiff, hereinafter called the Loan Association, claiming to be a stakeholder of $200, asked leave to pay that amount into court, so that the interpleaders herein, who are rival claimants of the fund, might interplead therefor. The court made the order as prayed for, and the Loan Association paid the money into court and was discharged. From this order the interpleaders, Mott and Joy, appealed to this court, but their appeal was not sustained. (See 56 Mo. App. 433). The parties interpleading thereupon filed their respective claims in the trial court, and introduced

evidence in support thereof. The court heard evidence and awarded the fund to the interpleader Trembley. From this judgment the two other interpleaders appeal, and assign for error that the court should have awarded the fund to them, although it does not appear from their claim made here to which one of them.

The fund was one which the Loan Association, as mortgagee, had retained out of a larger loan made to one Loewenstein on certain real estate in St. Louis county, and was retained, it would seem, for the purpose of paying a mechanic's lien judgment which one Albers had obtained, or was about to obtain, against the property of Loewenstein which was covered by the mortgage. One Peters had obtained a judgment for $176.30 in the circuit court of the city of St. Louis against Loewenstein and Albers. Albers, it would appear, was security for Loewenstein. This last judgment was assigned to the interpleader, Trembley, for value. The interpleaders, Mott and Joy, claim to be the assignees of the judgment of *Albers v. Loewenstein*, likewise for value, although there is no satisfactory evidence that either of them ever paid any substantial value for the judgment. The judgment which Peters obtained against Loewenstein and Albers was appealed to this court, and on such appeal one J. H. Trembley became surety on the bond. After that judgment was affirmed in this court, its assignee, the interpleader Trembley, endeavored to collect it by having an execution issued thereon, and having the association garnished as a debtor of Loewenstein; also by filing a bill of equitable garnishment against the association and Loewenstein. In the meantime the appealing interpleaders caused an execution to be issued on the mechanic's lien judgment of Albers, and caused the Loewenstein property to be advertised thereunder.

All these various proceedings were enjoined by the court, when the present bill of interpleader was filed by the Loan Association.

It appears from the foregoing extract that the interpleader Trembley unquestionably paid value for a judgment on which Albers was liable to Peters, and that such value was to the full extent of the fund now in controversy. It further appears that it is exceedingly doubtful whether either the interpleaders Mott or Joy ever paid anything to Albers. The result of the judgment is in effect to apply funds of Albers to the payment of a debt of Albers, and, although that result may not have been reached by technical methods, it is certainly one which is not opposed to substantial justice. As, owing to the informal manner in which the case is sought to be presented here, we must decline to examine the various technical points presented by the appellants, we affirm the judgment on the ground that it is one apparently for the right party.

All the judges concurring, the judgment is affirmed.