CHARLES E. KEATING, Appellant, v. RUFUS J. LEWIS, Respondent.

St. Louis Court of Appeals, March 15, 1898.

1. **Instructions:** PRACTICE, APPELLATE. The instruction in question, might well have been refused on the ground that it stated only an abstract proposition of law, but there was no reversible error in giving it, for it was immediately followed by an explanatory and qualifying instruction, which prevented the possibility of the jury being misled.

2. ———: ———. While the word "material" was not employed in the instruction, the court did describe the facts as to which the jury must find a willful false swearing, and the facts thus described were necessarily material to the issues.

3. ———: ———. A type-written abstract is not a printed abstract and the appellate court will require a compliance with the statutory rule governing appeals and writs of error. R. S. 1889, sec. 2253.

*Appeal from the St. Louis City Circuit Court.*—HON.
JOHN A. TALTY, Judge.
AFFIRMED.

CHARLES E. KEATING *pro se* for appellant.

In the absence of evidence the court can not, of course, decide that the instructions were incorrect as applied to the evidence and that there was no evidence to support them. It will not be contended for a moment that when instructions are erroneous on their face with respect to the doctrine of law upon which they are based, appellate courts can not review them. The quotation from Spence v. Crow, 47 Mo. App. 325, is only from the concurring opinion of Judge ROMBAUER and not in the opinion of the court. In all of the cases cited by respondent under point 4, the evidence was before the appellate court in full. And even in the case, 112 Mo. 300, referred to by respondent, Judge SHERWOOD says: "As the judgment is manifestly for the right party it should be affirmed notwithstanding harmless errors which do not materially affect the merits of the case." So that if the error had been one which had materially affected the merits of the case the judgment would have been reversed; and in the DeHatre case cited (50 Mo. App. 1) Judge THOMPSON says: "Perceiving no prejudicial error in the record and the judgment being manifestly for the right party it will be affirmed." So that both this court and the supreme court have clearly held that where the error is prejudicial the case will be reversed notwithstanding it is for the right party.

R. M. NICHOLS for respondent.

Instruction number 6, given by the court, limits and confines the facts, to which the witness has will-

fully sworn falsely, "to the facts mentioned in the instructions herein as bearing upon the plaintiff's alleged claim or defendant's alleged defense thereto." It does not leave it to the jury to say what is a material fact, but it says that fact must be mentioned in one of the instructions as bearing upon plaintiff's alleged claim or defendant's alleged defense. The instruction points with absolute certainty to a class of facts which can only be material, and its counterpart has been approved by the supreme court of Missouri. O'Connell v. R'y, 106 Mo. 485.

BOND, J.—Plaintiff sues for injuries sustained by stepping in a hole of a building which he was plastering for defendant. He alleges that he covered the hole to prevent an accident, but that defendant uncovered it without giving him (plaintiff) any notice. The defense was a general denial and a plea of contributory negligence. There was evidence tending to support both the petition and the answer. Defendant had judgment. Plaintiff appealed.

The errors assigned relate entirely to the instructions given and refused. The first point made by appellant is that instruction number 3 states only an abstract proposition of law. The instruction in question might well have been refused on this ground. R'y v. R'y, 118 Mo. 599. But there was no reversible error in giving it, for it was immediately followed by an explanatory and qualifying instruction (number 4), which prevented the possibility of the jury being misled. The latter instruction (number 4) made a direct application of the general doctrine of the former (number 3) to the issues presented by the evidence. The jury could not, therefore, have misunderstood the meaning of the two instructions in the light of the particular facts developed on the trial.

Appellant is also mistaken in his contention that these two instructions were contradictory. They are entirely harmonious and complimental. The one states the general rule of law that the contributory negligence debars a recovery; and the other applies that rule to specific facts.

Neither is appellant correct in his assumption that the other instructions given for respondent only singled out one of the facts in the case. An examination of the instructions of the court's motion aimed at by this objection will disclose that they are substantially the same as those proffered by appellant, and that they embrace all the facts claimed by him as the basis of his cause of action.

Appellant also objects to another instruction given of the court's motion upon the right of the jury to disregard the testimony of any witness who may have willfully sworn false as to a material fact in the cause. The complaint upon which this objection is founded is that the court did not use the word "material" in its instruction on this subject. While the word "material" was not employed, the court did, in the instruction in question, describe the facts as to which the jury must find a willful false swearing, and the facts thus described were necessarily material to the issues, as they were the very ones upon which appellant by his pleadings, evidence and instruction, grounded his right to recover. The foregoing assignments of error are all ruled against appellant. Other minor objections are urged to the instructions, which need not be discussed, as none of them show any reversible error.

In disposing of this case we have treated the typewritten paper presented by appellant as his abstract as a sufficient compliance with the statute (R. S. 1889, sec. 2253), and the rules of this court providing for appeals from judgments taken upon the certificate of

the clerk and the filing of "printed abstracts." We have done this *ex gratia*. Appellant was not entitled to any such consideration as a matter of strict right, and it was only accorded to him since the record shows that he is a layman appearing *pro se*.

It is not our intention to depart from the rule requiring printed abstracts in such cases, nor will we hold typewriting to be printing. Johnson v. Bryson, 26 Mo. App. 484; Loan & Bldg. Ass'n v. Joy, 61 Mo. App. 162; Nolan v. Johns, 126 Mo. 159. We make this announcement in order that it may be understood that we shall hereafter require a compliance with the statutory rule governing appeals and writs of error to this court. R. S. 1889, sec. 2253, *supra*. The judgment in this case is affirmed. All concur.